[Cite as *PNC Bank, N.A. v. Khalili*, 2018-Ohio-3200.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| PNC BANK, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27629 |
| | : | |
| v. | : | Trial Court Case No. 2015-CV-4530 |
| | : | |
| MARK H. KHALILI | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

ROBERT K. HOGAN, Atty. Reg. No. 0024966 and STEPHANIE F. GILLEY, Atty. Reg. No. 0083825, 700 Walnut Street, Suite 302, Cincinnati, Ohio 45202
       Attorneys for Plaintiff-Appellee

MARK and HOMA KHALILI, 3383 Highland Drive, Coquitlam, BC, Canada, V3E 0E2
       Defendant-Appellees

ROBERT D. ROSS, Atty. Reg. No. 0062853, 3490 S. Dixie Drive, Suite 208, Dayton, Ohio 45439
       Attorney for Third Party Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Diverse Strategic Solutions, LLC (DSS) appeals from the trial court's Decision, Order, and Entry overruling DSS's motion to intervene in the above-captioned foreclosure action and its motion to vacate a sale of the subject property, which it purchased at a sheriff's sale.

{¶ 2} In its sole assignment of error, DSS challenges the trial court's refusal to allow it to intervene in the action. DSS argues that it should have been granted either intervention as of right or permissive intervention because it acquired an interest in the subject property by being the successful bidder at the sheriff's sale. It further argues that denying intervention precludes it from protecting its interest and raising an argument about a perceived title defect that leaves it without legal ingress to or egress from the property.

{¶ 3} The record reflects that the subject property is located at 3985 Hidden Valley Court in Kettering, Ohio. The subdivision plat under which the property was developed contains three lots in a row. The middle lot is lot number two. It has a paved driveway, the first portion of which has for many years been used in common as an access driveway by the owners of lot three (the subject property) to the west and lot one to the east. After purchasing lot three at the sheriff's sale, DSS concluded that a 1989 agreed order filed in the Montgomery County Common Pleas Court had terminated its access to the subject property by means of the easement on lot two, rendering lot three inaccessible. For that reason, it sought to intervene in the foreclosure action and to vacate the sale of the property it had just purchased. (Doc. # 61).

{¶ 4} On May 16, 2017, the trial court overruled the motion to intervene and the

motion to vacate the sale. (Doc. # 80). It determined that recorded easements provided access to the subject property and that the referenced agreed order did not terminate such access. In support, the trial court reasoned:

A review of the Agreed Order * * * demonstrates that it explicitly states that Agreed Order only applies to the other two lots in the plat and that the "plot plan covenants and easements still apply to the Hidden Valley Plat as described on the plot plan. The blacktop driveway to Stroop Road is covered in its entirety by the easements listed on the plan and is governed by its conditions." Thus, the Agreed Order has no effect on the easements granting access to the Subject Lot.

Based on the foregoing, the Court finds that the *Motion to Intervene and Motion to Vacate Sale of Third Party Purchaser Diverse Strategic Solutions, LLC* must be OVERRULED.

(*Id.* at 2).

{¶ 5} We review a trial court's disposition of a motion to intervene for an abuse of discretion. *Crow v. Baldino*, 2d Dist. Clark No. 2016-CA-56, 2017-Ohio-2779, ¶ 8, citing *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. Although Civ.R. 24 is to be construed liberally in favor of intervention, we will not reverse unless a trial court's denial of intervention was unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 6} In a one-page argument supporting its combined motion to intervene/motion to vacate sale, DSS failed to specify whether it was seeking intervention as of right under Civ.R. 24(A) or permissive intervention under Civ.R. 24(B). Nor did it address any of the

various requirements for intervention under Civ.R. 24. DSS stated only that its reason for seeking intervention was to assert that title to the subject property was unmarketable due to a lack of legal ingress or egress. Based on this perceived defect, DSS maintained in the trial court, and argues on appeal, that intervention is necessary to protect its interests and to vacate the sale. (Doc. # 61 at 2).

{¶ 7} Upon review, we see no abuse of discretion in the trial court's denial of intervention. DSS does not dispute that for many years the owners of lot three enjoyed the use of one or more recorded easements across the driveway on lot two. We see no error in the trial court's determination that the 1989 agreed order cited by DSS did not eliminate that access.[1]

{¶ 8} The agreed order was filed in Montgomery County Common Pleas Case No. 87-CV-3839. Incorporated into the order was an attached "Easement Agreement, Restrictive Covenant and Lien Reservation." Although the attached easement agreement referenced the then-owners of all three lots, its terms addressed the relationship between the owners of lots one and two. Specifically, the easement agreement clarified the conditions under which the owners of lot one could continue to use the driveway on lot two as an access easement. The following language from the first page of the easement

---

[1] Parenthetically, we question whether a lack of access, even if it did exist, would entitle DSS to vacate its purchase of lot three at the sheriff's sale. A "sheriff's deed is merely a court-ordered transfer that is virtually identical to a quick-claim [sic] deed. The sheriff conveys, by order of the court, only that which he has authority to convey. The sheriff makes no warranty as to the quality of title. Purchasers who buy at a sheriff's sale, buy at their own risk. * * * Pursuant to the doctrine of caveat emptor, it is incumbent on the purchasing parties to secure, to their own satisfaction, the validity of the title[.]" *Kimberly Recreation Assn. v. Butts*, 10th Dist. Franklin No. 96APG09-1202, 1997 WL 170293, *2 (April 10, 1997). We need not decide whether a lack of access would justify vacating DSS's purchase here, however, because we agree with the trial court that a valid easement still exists.

agreement made its purpose clear:

> WHEREAS, the parties hereto now desire to clarify the nature, scope and extent of the use of the pertinent area of Lot # 2 for the benefit of Lot # 1, and the pertinent area of Lot # 1 for the benefit of Lot # 2; and

> WHEREAS, this agreement document supersedes any and all "LEASE AND EASEMENT" agreements pertaining to Lot # 1and Lot # 2; and

> WHEREAS, the plot plan covenants and easements still apply to the Hidden Valley Plat as described on the plot plan. The blacktop driveway to Stroop Road is covered in its entirety by the easements listed on the plot plan and is governed by its condition.

**{¶ 9}** Nowhere in the easement agreement did it purport to deprive the owners of lot three of their right to use lot two's driveway for ingress and egress. The only portion of the easement agreement impacting the owners of lot three supports the opposite conclusion. A section addressing use of the easement by the owners of lot one contained the following language: "The blacktop driveway area shall be maintained jointly by all lot owners with each owner contributing one-third the annual cost in good and useable condition for ingress and egress * * *." This requirement for the owners of lot three to share equally in the cost of maintaining the driveway implicitly recognizes a concomitant right to continue using the driveway for access. We note too that the signatories to the 1989 easement agreement were the then-owners of lots one and two, not lot three.

{¶ 10} We recognize that the 1989 agreed order incorporating the above-quoted easement agreement was signed by counsel for the owners of all three lots. That agreed order expressly released all other easements *that were superseded by the terms of the 1989 easement agreement.* As set forth above, nothing in the 1989 easement agreement between the owners of lots one and two superseded the existing right of the owners of lot three to use the driveway on lot two as an access easement. Therefore, the trial court correctly held that the 1989 agreed order and easement agreement had no effect on existing easements granting the owners of lot three access to their property.

{¶ 11} Because an alleged lack of access to lot three was the sole basis cited by DSS below for seeking to intervene, we cannot say that the trial court abused its discretion in disallowing intervention.

{¶ 12} DSS's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Robert K. Hogan
Stephanie F. Gilley
Mark and Homa Khalili
Robert D. Ross
Michele Phipps
Hon. Barbara P. Gorman